IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALEX TIMONIN AND TUSSUP KULTUMANOV, § § § § Plaintiffs, § § v. § § ZHANNAT TOREGALIYEV AND § PENSKE LEASING AND RENTAL § COMPANY, § § Defendants. § | Civil Action No. H-25-4319 |

## ORDER

Pending before the Court is Defendant Penske Leasing and Rental Company's Motion for Summary Judgment (Document No. 7). Having considered the motion, submissions, and applicable law, the Court determines that Defendant's motion should be granted.

## I. BACKGROUND

This case arises from a motor vehicle accident. On April 15, 2025, Defendant Zhannat Toregaliyev ("Toregaliyev") collided with the back of a vehicle operated by Plaintiffs Alex Timonin and Tussup Kultumanov (hereinafter "Plaintiffs") while driving a vehicle he rented from Defendant Penske Leasing and Rental Company ("Penske"). Plaintiffs allege that as a result of the collision, Plaintiffs suffered serious bodily injuries. Based on the foregoing, on July 28, 2025, Plaintiffs filed suit

in state court alleging a claim of negligence against Toregaliyev, and a claim of vicarious liability under the doctrine of *respondeat superior* against Penske. On September 11, 2025, Penske removed the case to this Court pursuant to the Court's diversity jurisdiction. On February 4, 2026, Penske filed the pending motion for summary judgment, contending that no genuine issue of material fact exists in this matter.[1] A review of the record in this matter reveals that Plaintiffs have failed to file a response to Penske's motion for summary judgment.

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A

---

[1] *See Defendant Penske Leasing and Rental Company's Motion for Summary Judgment*, Document No. 7 at 1–12.

dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary. If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Uncorroborated self-serving testimony cannot prevent summary judgment, especially if the overwhelming documentary evidence supports the opposite scenario. *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004). Furthermore, it is not the function of the Court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

The Court may not grant summary judgment based merely on the procedural failure to respond. *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); *see also* Fed. R. Civ. P. 56 advisory committee's note to 2010 amendments. Rather, the movant must bear its initial burden to show that no issue of material fact exists, and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). If issues of material fact clearly exist within the summary judgment record, then summary judgment is improper. *See St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 (5th Cir. 2000) ("Before the non-moving party is required to produce evidence in opposition to the motion, the moving party must first satisfy its obligation of demonstrating that there are no factual issues warranting trial." (quoting *Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993)).

### III. LAW & ANALYSIS

Penske moves for summary judgment, contending there is no genuine issue of material fact for a jury to consider in this matter. Plaintiffs did not respond to Penske's motion for summary judgment, failing to rebut or offer evidence to counter Penske's contentions. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. Regardless of Plaintiffs' procedural failure to respond, the Court will consider, in turn, each claim Penske contends is conclusively refuted by its proffered summary judgment evidence.

Plaintiffs assert a claim against Penske pursuant to the doctrine of *respondeat superior*. In layman's terms, Plaintiffs seek to hold Penske vicariously liable for Defendant Toregaliyev's alleged negligence in operating a rental truck from Penske. Under federal law, "[a]n owner of a motor vehicle that rents or leases the vehicle to a person ... shall not be liable under the law of any State ... for harm to persons or property that results or arises out of the use ... of the vehicle during the period of the rental or lease." 49 U.S.C.A. § 30106(a).

Here, Penske contends that Plaintiffs' claim for vicarious liability is preempted against Penske, because Penske is a vehicle owner who leased their vehicle to another, protecting Penske from vicarious liability under federal law. A review of the record in this case reveals that Penske is engaged in the business of renting motor vehicles to citizens in the community. Penske also offers summary judgment evidence to confirm that the vehicle at issue in this case was rented to Defendant Toregaliyev and not operated by Penske during the motor vehicle accident.[2] Penske further contends that because they are the owner of the vehicle, and Plaintiffs fail to allege any independent negligence claim against them, Penske is protected from Plaintiffs' ownership-based vicarious liability claim based on the

---

[2] *See Defendant Penske Leasing and Rental Company's Motion for Summary Judgment*, Document No. 7, Exhibit A-1 (*Penske Rental Agreement with Defendant Zhannat Toregaliyev*).

5

plain language of 49 U.S.C.A. § 30106(a). Plaintiffs offer no rebuttal to contradict Penske's contentions.

Accordingly, because Penske is protected from ownership-based vicarious liability under federal law, and Plaintiffs offer no other independent claim for negligence against Penske, the Court finds that Plaintiffs fail to raise a genuine issue of material fact to survive Penske's motion, and thus, find summary judgment is proper in this matter.

Additionally, the Court notes that Plaintiff has failed to show the Court adequate proof of service with regards to one remaining defendant in this matter, Zhannat Toregaliyev. A review of the record in this case reveals that Mr. Toregaliyev was never served with summons and complaints as is required by the Federal Rules of Civil Procedure. If a defendant is not served within ninety days after the complaint is filed, the Court must: (1) dismiss the action without prejudice; or (2) order service be made within a specified time. Fed. R. Civ. P. 4(m). It has been well over eight months since the complaint was originally filed in state court.[3] Therefore, the Court finds Plaintiff's claims against the remaining Defendant Zhannat Toregaliyev should be dismissed without prejudice Pursuant to Federal Rule of Civil Procedure 4(m).

---

[3] *See Plaintiff's Initial Petition*, Document No. 1, Exhibit 1 at 10–16.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Penske Leasing and Rental Company's Motion for Summary Judgment (Document No. 7) is **GRANTED**. The Court further

**ORDERS** that Plaintiffs' claim against Defendant Zhannat Toregaliyev is **DISMISSED WITHOUT PREJUDICE**.

SIGNED at Houston, Texas, on this **27** day of February, 2026.

_____
DAVID HITTNER
United States District Judge